punishment which pertains by law to the offence of grand larceny.

It is not the policy of the law to clothe an inferior tribunal with such a discretion. There is no reason to suppose that such discretion would be unwisely used, that I am aware; but it is clear that it cannot have been the intent of this statute that a discretion should be conferred, as to the degree of punishment which the offender should receive, on a tribunal which is not authorized to impose any punishment in cases of grand larceny.

I think it quite clear that the offence committed by Riley brought him within this statute, and that the special sessions had no authority to try or sentence him, and that the conviction is wholly nugatory.

The prisoner is discharged from his imprisonment.

---

## MARVIN a. LEWIS.

*New York Superior Court; Special Term, July*, 1861.

### STAY OF PROCEEDINGS.

After one order to stay proceedings for twenty days has been made *ex parte* at chambers, a second order can not be obtained, except upon notice.

Such a second order, obtained without notice, may be disregarded.

An order staying proceedings for twenty days is operative only for that length of time from its date, although it was in fact made on a later day.

Motion to set aside a judgment.

In this action defendant obtained orders staying proceedings, under circumstances which are stated in the opinion. The plaintiff having entered judgment, notwithstanding the stay, defendant now moved to set aside the judgment as irregular.

WOODRUFF, J.—This is a motion to set aside judgment for irregularity in this—that it was entered while an order staying plaintiff's proceeding was in force. The defendant, on the day following the trial (May 21), obtained a stay of proceedings

until the further order of the court, and giving twenty days to make a case. On the 10th of June, he obtained an order, dated June 8th, giving twenty days' additional time to make a case, and staying plaintiff's proceedings in the mean time. These orders were made *ex parte* at chambers.

I think the order dated June 8, 1861, was made without authority. A judge has no more power to stay proceedings for forty days by two orders than he has by one order. The second order was made after a previous order had already operated eighteen or twenty days. It should have been obtained upon notice.

Again, if, according to its literal import, the second order operated from the day of its date, then it stayed plaintiff's proceedings from June 8 to June 30, which was twenty-two days. It could not in any respect operate as a stay for more than twenty days. For either reason the plaintiff had a right to disregard the second order, so far as it could be considered operative, after the 28th, even if it had any legal operation. The judgment entered June 29th was therefore regular.

As the argument of the motion was placed solely on the point of regularity, it must be denied, with $7 costs, but with leave to renew on the merits, on payment of the costs of motion.